UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

WADLEY PIERRE,

      Plaintiff,

v.                                      Civil Action No. 13-12055-MLW

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE, MARTIN BRESLIN,
and RICHARD SPINGEL,

      Defendants.

_____

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS**

Defendants President and Fellows of Harvard College ("Harvard"), Martin Breslin ("Breslin"), and Richard Spingel ("Spingel") (collectively "Defendants") submit this memorandum in support of their partial motion to dismiss plaintiff Wadley Pierre's ("Plaintiff") Complaint. The Plaintiff has brought claims for hostile work environment (Count I against all defendants), discrimination on the basis of race and national origin in violation of M.G.L. c. 151B (Count II against all defendants), retaliation in violation of M.G.L. c. 151B (Count III against all defendants), and intentional infliction of emotional distress (Count IV[1] against Harvard and Breslin). The Court should dismiss part of the Plaintiff's claims for discrimination and retaliation as they are time-barred or otherwise fail to state a claim upon which relief may be granted. The Court should likewise dismiss the Plaintiff's claim for intentional infliction of emotional distress as it is barred by the exclusivity provision of the Workers' Compensation Act, M.G.L. c. 152 § 24 and the Plaintiff fails to state a claim upon which relief may be granted. In

---

[1]     Plaintiff has two counts in his Complaint labeled as Count III. For purposes of this motion, we will refer to the last Count in his complaint as Count IV.

addition, the Court should dismiss Spingel from the case entirely as the Plaintiff never named Spingel as a respondent in the administrative charge, thereby failing to exhaust his administrative remedies.  For these reasons, and the reasons discussed below, the Court should dismiss certain claims under Count II, certain claims under Count III, Count IV in its entirety, and all claims against Spingel (Counts I, II, and III).

## I.   FACTUAL BACKGROUND[2]

The Complaint alleges the following: Plaintiff is an employee of Harvard working in the Dining Services department.  Complaint ¶ 1.  He began his employment with Harvard in 2010 as a storekeeper.  *Id.* at ¶ 6.  Plaintiff is a member of AFL-CIO, Local 26.  *Id.* at ¶ 15.  On or about September 10, 2011, Plaintiff's position changed and he began splitting his time as a storekeeper and a truck driver, which latter position paid more per hour.  *Id.* at ¶ 7.

Plaintiff alleges that in or around October 2011, one of the dining hall managers called Plaintiff a "nigger."  *Id.* at ¶ 9.  Plaintiff claims that he immediately reported the incident to Spingel, his supervisor.  *Id.* at ¶ 10.  A few days after the incident, Plaintiff contends that he heard Breslin, the Director of Culinary Operations, say that he would do "whatever it takes" to get Plaintiff out of his truck driving position.  *Id.* at ¶ 12.

Thereafter, in February or March 2012, Plaintiff was informed that he would be bumped out of his truck driver position by a more senior employee and would return to working full time as a storekeeper.  *Id.* at ¶ 13.  Plaintiff alleges that he was never offered the opportunity to bump a less senior member of his union despite a provision requiring such opportunity in the collective bargaining agreement ("CBA") between Harvard and AFL-CIO, Local 26.  *Id.* at ¶ 15.  In

---

[2]   All factual allegations in the Complaint are assumed to be true for purposes of this motion only.  The Defendants have not set out here all of the allegations contained in Count I (alleging a hostile work environment in violation of M.G.L. c. 151B) as they are not moving to dismiss this claim in its entirety, but rather only as against Spingel and/or insofar as the allegations are untimely.

addition, Plaintiff claims that pursuant to the CBA, Harvard was required to continue to pay Plaintiff the higher truck driver wage even after he was bumped. *Id.* at ¶ 16. When Harvard failed to do so, Plaintiff filed a grievance on or about March 29, 2012. *Id.* at ¶ 17. The Plaintiff alleges that Harvard has not responded to the grievance. *Id.*

Plaintiff states that on or about April 6, 2013, he was injured at work, returning to work on April 8, 2013. *Id.* at ¶¶ 24-25. He claims that on April 11, 2013, Spingel and another supervisor, Brian Corcoran ("Corcoran"), asked Plaintiff to give them his medical file from his visit to the clinic, but that Plaintiff objected. *Id.* at ¶ 25. The next day, Spingel and Corcoran supposedly demanded that Plaintiff provide his medical file and told Plaintiff that if he refused they would assume that he fabricated his injury. *Id.* Plaintiff thereafter provided them with his file. *Id.*

Plaintiff alleges that during the final weeks of the 2012/2013 academic school year, Harvard reduced his schedule to 32 hours per week. *Id.* at ¶ 32. Human Resources informed Plaintiff that business was slow, but that if a storekeeper was needed during his days off he would be contacted. *Id.* Plaintiff claims that the following week he discovered that Dining Services had used employees from other working units to perform his duties during the hours that he had formerly worked. *Id.* at ¶ 33. Plaintiff specifically alleges that this is in violation of the CBA. *Id.* In addition to all of these allegations, Plaintiff claims that the hostility directed at him caused him significant emotional harm. *Id.* at ¶ 34.

II. **PROCEDURAL BACKGROUND**

On April 24, 2013, Pierre filed a Complaint with the Massachusetts Commission Against Discrimination ("MCAD") naming only Harvard and Breslin as respondents. Complaint at ¶ 30;

*see also* Affidavit of Amy Silverman Ostiguy ("Ostiguy Aff."), Exhibit A (MCAD Charge).[3] Plaintiff filed his Complaint in this action with the District Court of the Commonwealth of Massachusetts, Middlesex County on or about July 26, 2013, and served Defendants on August 5, 2013. The Defendants removed this action to federal court on August 26, 2013.

### III.   ARGUMENT

#### A.   Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The Court "must take the allegations in the Complaint as true and must make all reasonable inferences in favor of the plaintiff[]." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The tenet that a court must accept as true all allegations in a complaint is inapplicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. The assessment of the pleadings is "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1949). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]-- ' that the pleader is entitled to relief," and the complaint must therefore be dismissed. *Iqbal*, 129 S. Ct. at 1949.

---

[3] Since the MCAD charge is referenced and relied upon in the Complaint (*see* Complaint ¶ 30), this Court may consider it on a motion to dismiss without converting the motion into one for summary judgment. *Clorox Co. Puerto Rico v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 32 (1st Cir. 2000), *quoting Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) ("it is well-established that in reviewing the complaint, we 'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.'").

**B.     Plaintiff's Claims Relating to the "Bumping" Issue Are Time Barred.**

Plaintiff filed his Charge with the MCAD on April 24, 2013.[4]  Any incident occurring more than 300 days before then, i.e., June 28, 2012, is time barred.  *See* M.G.L. c.151B, §5.  The continuing violation doctrine does not serve to save these allegations.  Under the continuing violation doctrine, some claims of discrimination involve a series of related events that have to be viewed in their totality in order to assess adequately their discriminatory nature and impact.  *See Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521 (2001).  However, the application of this doctrine to hostile work environment claims differs from its application to claims involving "discrete discriminatory acts."  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).  The United States Supreme Court has held that discrete discriminatory acts, such as termination, failure to promote and denial of transfer, are "not actionable if time barred, even when they are related to acts alleged in timely filed charges."  *Id*.  The Court explained that "each discrete discriminatory act starts a new clock for filing charges alleging that act."  *Id.*; *see also Ocean Spray Cranberries, Inc. v. MCAD*, 441 Mass. 632, 645 (2004) (same).  A "discriminatory act committed by one entity or individual within the limitations period does not 'anchor' an earlier discriminatory act by a different individual, at least absent some demonstrable causal connection between the two."  *Chaffee v. Dep't of Correction*, No. 021908, 2006 WL 4114304, at *7 (Mass. Super. Dec. 20, 2006) (*citing Ocean Spray*, 441 Mass. at 645).

Plaintiff has alleged that sometime in February or March 2012, he was informed that he would be bumped out of his truck driver position and that after bumping him Harvard did not

---

[4]     Plaintiff incorrectly asserts in his Complaint that he filed his Charge on April 23, 2013.  *See* Complaint ¶ 30.  The MCAD received the Charge on April 24, 2013.  *See* Ostiguy Aff., Ex. B.  MCAD Regulations provide that charges are filed when "deliver[ed]…to any of the Commission's offices …."  804 C.M.R. 1.10(2).  The MCAD has further clarified that this regulation should be read in accordance with its work-sharing agreement with the EEOC, which provides that for "[c]harges that are received by the [MCAD] whether in person or by mail…[t]he date of receipt will be the date of filing."  *See Cummings v. Pearson Education, Inc.*, No. Civ.A.03-12183-DPW, 2004 WL 2830702, at *2 (D. Mass. Dec. 6, 2004).

pay him at the higher truck driver wage.  *See* Complaint ¶ 13.  Plaintiff filed a grievance concerning the bumping process on March 29, 2012. *Id*. at ¶ 17.  The allegation concerning the bumping is a discrete act of alleged discriminatory conduct that triggered the start of the 300-day statute of limitations.  Therefore, even assuming the bumping occurred on the latest possible date alleged in the Complaint, March 29, 2012, a Charge should have been filed concerning this incident by January 23, 2013.  Since Plaintiff did not file with the MCAD until April 24, 2013, any claim based on the bumping allegations is time barred.

> **C.    Plaintiff Fails to State a Claim for Which Relief May Be Granted for His Claims of Discrimination and Retaliation to the Extent That They Are Based on the Allegation that He Was Compelled to Turn Over a Medical File .**

One of Plaintiff's allegations is that the Defendants compelled him to disclose confidential medical information, and that this alleged forced disclosure constitutes an adverse action for purposes of establishing his claims for discrimination and retaliation under M.G.L. c. 151B.  The allegation does not amount to adverse action as a matter of law, however, and therefore Plaintiff's claims for discrimination and retaliation (Count II and Count III), to the extent based on this allegation, must be dismissed.

To state a prima facie case of discrimination or retaliation under M.G.L. c. 151B, a plaintiff must allege that he suffered an adverse employment action.  *See Singleton v. Sinclair Broadcast Group, Inc.*, 660 F. Supp. 2d 136, 151 (D. Mass. 2009); *Mole v. Univ. of Mass.*, 442 Mass. 582 (2004).  "To rise to the level of an adverse employment action, an action must *materially change* the conditions of a plaintiff's employment." *Armery v. Potter*, 497 F. Supp. 2d 134, 141 (D. Mass. 2007) (emphasis added).  "An adverse employment action is one that affects 'wages, bonuses, benefits or ability to perform [his] duties.'" *Boutin v. Home Depot U.S.A., Inc.*, 490 F. Supp. 2d 98, 107 (D. Mass. 2007) (*quoting Swallow v. Fetzer Vineyards,* 46 Fed. Appx. 636, 646 (1st Cir. 2002).  "As the First Circuit has observed, '[w]ork places are

rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.'" *Rafalski v. Donahoe*, 10-CV-40060-TSH, 2012 WL 4753274, at *6 (D. Mass. Oct. 3, 2012) (*quoting Blackie v. Maine,* 75 F.3d 716, 725 (1st Cir. 1996)).

Even if the Plaintiff was somehow compelled by the Defendants to turn over a medical file, such action in no way affects the Plaintiff's wages, bonuses, benefits, or ability to perform his duties. As the Plaintiff has failed to allege a requisite element of his prima facie case for discrimination or retaliation, these claims must be dismissed to the extent they are based on this alleged conduct.

> **D.     Plaintiff's Claim for Intentional Infliction of Emotional Distress Is Barred by the Workers' Compensation Act and He Fails to State a Claim Upon Which Relief May Be Granted.**

In Count IV of Plaintiff's Complaint, he attempts to bring a cause of action for intentional infliction of emotional distress against Harvard and Breslin based on the conclusory allegations that they "tolerat[ed] a work environment permeated by hostility … and [made] threatening and racially hostile remarks to [Plaintiff]." *See* Complaint Count IV. His claim must be dismissed as it is barred by the exclusivity provision of the workers' compensation act, M.G.L. c. 152, § 24 (the "Act") and he also fails to state a claim upon which relief may be granted.

It is well-settled that the Act's exclusivity clause precludes a plaintiff's claim against his employer or fellow employee for intentional infliction of emotional distress where the alleged injury was suffered in the course of employment. *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996); *Brown v. Nutter, McClennen & Fish*, 45 Mass. App. Ct. 212, 214-215 (1998). Common law actions against an employer are barred by the exclusivity provision of the Act where (1) the plaintiff is an employee; (2) his condition is a personal injury within the meaning

of the Act; and (3) the injury arose out of and in the course of employment, which is to be broadly construed. *Id.* at 558; *see also Brown*, 45 Mass. App. Ct. at 215. Plaintiff's claim meets this test. He is an employee of Harvard; the infliction of emotional harm is a personal injury under the Act (*see* M.G.L. c. 152, § 1(7A)); and Plaintiff alleges that his injury arose out of and in the course of his employment at Harvard. Therefore, Plaintiff's claim against Harvard is barred by the exclusivity provision of the Act.

Claims for intentional infliction of emotional distress against a plaintiff's fellow employees are also barred by the Act where the fellow employee "was acting in the course of employment." *Anzalone v. Mass. Bay Transp. Auth.*, 403 Mass. 119, 124 (1988); *O'Connell v. Chasdi*, 400 Mass. 686, 694 (1987). "[C]onduct of an agent is within the scope of employment if it is of the kind he is employed to perform . . .; if it occurs substantially within the authorized time and space limits . . .; and if it is motivated, at least in part, by a purpose to serve the employer . . . ." *Grant v. John Hancock Mut. Life Ins.*, 183 F. Supp. 2d 344, 365 (D. Mass. 2002) (*quoting Doe v. Purity Supreme, Inc.*, 422 Mass. 563, 568 (1996)).

Here, the allegations of the Complaint fail to plausibly suggest that Breslin was acting outside the scope of his employment. With respect to the acts upon which the Plaintiff attempts to base his intentional infliction of emotional distress claim, the factual allegations of the Complaint suggest that any actions taken by Breslin occurred in his capacity as an employee of Harvard, during Harvard's business hours, to serve Harvard's business interests. As such, the Plaintiff's claim against Breslin is barred and must be dismissed. *See Anzalone*, 403 Mass. at 125 (affirming dismissal of plaintiffs' claim against individual defendant for intentional infliction of emotional distress where defendant's alleged conduct related to his exercise of his employment duties); *see also Grant*, 183 F. Supp. 2d at 366 (claims of assault, battery, negligent

8

and intentional infliction of emotional distress, and false imprisonment arising out of employment were preempted by the Act); *Chan v. Immunetics, Inc.*, No. Civ. A. 98-0388D, 9 Mass. L. Rptr. 719, at *2, 4 (Mass. Super. Ct. Apr. 7, 1999) (dismissing claim of intentional infliction of emotional distress and assault and battery against employer's president based on injuries plaintiff suffered when president allegedly dragged her from building post-termination on grounds that claims were barred by the Act).

In addition, as it relates to the allegations against Breslin, the Plaintiff has failed to state a claim for intentional infliction of emotional distress upon which relief may be granted.  To state a claim of intentional infliction of emotional distress, Plaintiff must make specific allegations that (1) Breslin intended to inflict emotional distress, or knew or should have known that emotional distress was the likely result of his conduct; (2) Breslin's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community; (3) Breslin's actions were the cause of the plaintiff's distress; and (4) plaintiff's emotional distress was severe such that no reasonable person could be expected to endure it.  *See Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456, 466 (1997) (citations omitted). Liability cannot rest on "'mere insults, indignities, threats, annoyances, petty oppression or other trivialities' nor even is it enough 'that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'"  *Foley v. Polaroid Corp.*, 400 Mass. 82, 99 (1987).

The only specific allegations against Breslin are that he allegedly said that he would do whatever it took to get the Plaintiff out of the truck driver position and that on one occasion Breslin stated to the Plaintiff, "Little monkey, I can put you down."  While the last comment, if

9

true, would be offensive, it does not rise to the level of conduct that is extreme or outrageous. *See Foley,* 400 Mass. at 99-100 (employer did not act in extreme and outrageous manner towards employee acquitted of sexual assault of co-employee by giving him desk in hallway, assigning him no meaningful work, and not talking to him); *Butner v. Dep't of State Police*, No. CIV. A. 98-1778, 2001 WL 894307 (Mass. Super. Aug. 7, 2001) (violation of Chapter 151B not extreme and outrageous).

For all of these reasons, the claim for intentional infliction of emotional distress against Harvard and Breslin should be dismissed.

### E.     Plaintiff Cannot Maintain an Action Against Spingel Because Plaintiff Did Not Name Him as a Respondent in His MCAD Charge and Therefore Did Not Put Spingel on Requisite Notice or Provide a Chance for Conciliation.

Plaintiff has named Spingel as a defendant in this action, alleging three claims arising under M.G.L. c. 151B: hostile work environment (Count I), discrimination based on race and national origin (Count II), and retaliation (Count III). However, the Plaintiff did not name Spingel as a respondent in his MCAD charge filed on April 24, 2013, thereby depriving Spingel of an opportunity to defend or participate in conciliation. *See* Ostiguy Aff., Ex. A. Therefore, the Court should dismiss Spingel from this action. *See Preston v. Second Wind, Inc.*, 824 F. Supp. 2d 247, 251-52 (D. Mass. 2011) (dismissing claims against individual defendants not named as respondents in plaintiff's MCAD charge).

Plaintiff will likely argue, as he alludes to in footnote two of his Complaint, that he should not be precluded from bringing a claim against Spingel because his Charge contained sufficient facts to put Spingel on notice. Plaintiff's position is without merit. There are no allegations in the MCAD charge to suggest that Spingel engaged in any unlawful conduct. The only allegations concerning Spingel in Plaintiff's MCAD Charge are that Spingel is Plaintiff's supervisor, Plaintiff reported an alleged racial slur to Spingel, and that Plaintiff had a discussion

10

with Spingel about his emotional state. *See* Ostiguy Aff., Ex. A at ¶¶ 4, 16. The Plaintiff also alleges that Spingel provided information for Harvard's position statement, but such an allegation is not enough to have placed Spingel on notice. *See Mirabal v. Herb Chambers of Auburn, Inc.*, CIV.A. 11-11047-JLT, 2012 WL 859566, at *2 (D. Mass. Mar. 12, 2012) ("For an individual to have received proper notice, it is not enough for that individual to have had knowledge of the plaintiff's MCAD complaint."). Furthermore, Spingel never had an opportunity to conciliate Plaintiff's Charge, nor does the Plaintiff allege that Spingel had such an opportunity. The Plaintiff also never attempted to amend his Charge to name Spingel as a respondent even though he obviously knew Spingel's identity as he is Plaintiff's supervisor.[5]

The present action is similar to *Preston* where this Court dismissed two individual defendants who were not named as respondents in the plaintiff's MCAD charge. *Preston*, 824 F. Supp. 2d at 251-52. In *Preston*, the plaintiff only named his employer as the respondent, but included numerous factual allegations in his Charge concerning how individuals, later named as defendants in his lawsuit, treated him. *Id.* at 249-50. One of the individuals also submitted a five page Affidavit in connection with the employer's position statement.[6] *Id.* at 251. However, there was no evidence that the plaintiff had attempted to amend his Charge to name the individuals as respondents or that the individuals had an opportunity to conciliate the claims prior to the civil lawsuit. *Id.* Therefore, the Court held that the individuals could not have anticipated future civil action against them and dismissed the claims against them. *Id.* at 252. Likewise here, Spingel was not given an opportunity to conciliate the claims prior to this lawsuit nor could he have anticipated further civil action against him. Therefore, the Court should dismiss Spingel entirely from the action.

---

[5] The only submission by the Plaintiff at the MCAD was his Charge.

[6] Note that Spingel made no such submission, nor is there any allegation in the Complaint that he did so.

11

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that this Court should allow its partial motion to dismiss.

>Respectfully submitted,
>
>PRESIDENT AND FELLOWS OF
>HARVARD COLLEGE,
>MARTIN BRESLIN, and
>RICHARD SPINGEL,
>
>By their attorneys,
>
>/s/ Amy Silverman Ostiguy
>Robert P. Joy BBO # 254820
>Amy Silverman Ostiguy BBO # 667279
>Morgan, Brown & Joy, LLP
>200 State Street – 11th Floor
>Boston, MA 02109
>(617) 523-6666
>rpjoy@morganbrown.com
>aostiguy@morganbrown.com

Dated: September 13, 2013

## CERTIFICATE OF SERVICE

I, Amy Silverman Ostiguy, hereby certify that this document was filed through the ECF system on this date, and that a true paper copy of this document will be sent to those indicated as non- registered participants on the Notice of Electronic Filing by first class mail on the same date.

Dated:  September 13, 2013                    /s/ Amy Silverman Ostiguy
                                              Amy Silverman Ostiguy